# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| FIFTH THIRD BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 2:11-cv-0233-PPS-PRC |
| | ) |
| DOUBLE TREE LAKE ESTATES, LLC. | ) |
| DOUBLETREE GOLF, LLC, DBL | ) |
| RESIDENTIAL, L.P., KENNETH | ) |
| MATNEY, ANTHONY MEYER, and | ) |
| RANDALL MINAS | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Double Tree received substantial loans from Fifth Third Bank to finance a real estate development, and when Fifth Third didn't get paid, it brought this action against Double Tree, its affiliates, and individuals involved in the transactions. Anthony Meyer was a member of one of Double Tree's entities having signed a guaranty, so he was included as a defendant. Currently before me is Meyer's Motion to Dismiss or Stay this matter because of a pending state court proceeding. [DE 54.] But because Fifth Third was not formally involved in the state court proceeding, there is no basis to hold up this litigation while the state case plows along. The motion to stay this case will therefore be denied.

## BACKGROUND

Fifth Third's Complaint names several defendants involved in its deal with Double Tree. Double Tree Lake Estates ("Double Tree") is an LLC whose members are MDRM, LLC and KA Enterprises, LLC. Double Tree is the sole member of Doubletree Golf, LLC ("Doubletree Golf") and both the sole general and limited partner of DBL Residential, L.P. ("DBL Residential"). Defendants Meyer and Kenneth Matney are

members of KA Enterprises, and Defendant Randall Minas is a member of MDRM, LLC. Accordingly, Meyer, Matney, and Minas are three of the main players in Double Tree's transactions with Fifth Third Bank.

On May 7, 2004, Fifth Third and Double Tree entered into a loan agreement ("Original Loan Agreement"). On the same day, Double Tree executed and delivered to Fifth Third a promissory note ("Original Note") in the principal amount of $12,254,000.00. Doubletree Golf and DBL Residential then executed and delivered to Fifth Third a security agreement and an assignment of leases and rents and fixture filing to secure repayment of the loans under the Original Loan Agreement and the Original Note. To further secure the loans, Meyer, Matney, and Minas each individually executed and delivered to Fifth Third a guaranty of payment.

The Original Loan Agreement was modified and amended several times. This led Double Tree and Fifth Third to execute an Amended and Restated Loan Agreement ("Amended Loan Agreement") on June 27, 2007. However, prior to the Amended Loan Agreement, Meyer and Matney had terminated their relationship with Double Tree and notified Fifth Third of the cancellation of their respective Guarantees and their renunciation of liability under those guarantees for any loans made subsequent to their date of withdrawal from Double Tree.

Double Tree allegedly failed to pay Fifth Third the outstanding principal at the maturity date of January 5, 2011. Fifth Third now seeks to collect on monies owed by Double Tree, and the three guarantors – Meyer, Minas, and Matney.

Back in February 2007, however, Matney sued Double Tree, its entities, and Minas and Meyer in Lake Superior Court. Meyer entered into a settlement agreement

with Minas, and the enforcement of that agreement has been pending in Lake Superior Court before Judge R. Pera. *Kenneth Matney, et al. v. Doubletree Lake Estates, LLC, et al.*, Cause No. 45D10-0702-PL-0003. According to Meyer, Fifth Third agreed to release Meyer if the settlement was performed, but it still hasn't been enforced. Meyer believes that he will not be liable for this suit if and when the state court enforces the settlement. His motion seeks dismissal or, alternatively, a stay in favor of the state court proceeding.

## DISCUSSION

Resolution of this motion turns on the *Colorado River* abstention doctrine, which permits federal courts to defer to a concurrent state proceeding "as a matter of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Huon v. Johnson & Bell, LTD*, 657 F.3d 641, 645 (7th Cir. 2011) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)). However, "the Supreme Court has emphasized that federal courts have a virtually unflagging obligation to exercise the jurisdiction that Congress has given them." *Id.* There is a presumption against abstention and it is the task of the district courts "to ascertain whether there exist exceptional circumstances, the clearest of justifications, to justify the surrender of that jurisdiction." *Id.* at 645-46.

The district court has little or no discretion to abstain in cases not meeting the traditional abstention requirements. *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 496 (7th Cir. 2011). In fact, the Seventh Circuit has "a strong preference for a stay rather than a dismissal of the federal suit" when the requirements of Colorado River abstention have been met. *Adkins*, 644 F.3d at 503 n.9. A dismissal creates a risk of time-barring a plaintiff's claim if the state proceeding fails to reach a final decision on the merits. *Id.* A

3

stay by contrast does not create a similar risk because the court retains jurisdiction and the case will come back before the same federal judge "if a determination is needed as to the preclusive effects of the state judgment or decisions." *Id.*

To determine whether a stay is appropriate, a district court must first evaluate whether the federal and state cases are parallel. *Huon*, 657 F.3d at 646.

> Two suits are parallel for *Colorado River* abstention purposes when substantially the same parties are contemporaneously litigating substantially the same issues. Precisely [sic] formal symmetry is unnecessary. A court should examine whether the suits involve the same parties, arise out of the same facts, and raise similar factual and legal issues. In essence, the question is whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case. Any doubt regarding the parallel nature of the [state] suit should be resolved in favor of exercising jurisdiction.

*Adkins*, 644 F.3d at 498-99 (internal citations and quotations omitted). If a court determines that the cases are parallel, it must then look at whether exceptional circumstances justify abstention. *Huon*, 657 F.3d at 647. However, "[i]f the proceedings are not parallel, then the *Colorado River* doctrine does not apply and a stay is not proper." *Id.* at 646. "If there is any doubt that cases are parallel, a district court should not abstain." *Id.*

Here, the state and federal proceedings are not parallel. First off, the parties are not the same. In *Adkins*, the court determined that suits brought separately by a state agency and citizen-plaintiffs were not parallel because the parties were different. Despite their general alignment of interests, the court found that when parties were not the same, the cases weren't parallel because the parties in the state case wouldn't represent the interests of the parties to the federal proceeding. Likewise, the matter before me involves a party without a general alignment of interest in Meyer's state proceeding–Fifth Third.

4

While Fifth Third has been involved that proceeding to formulate the settlement agreement, its claims against Double Tree are not part of the state litigation. Although the issues are related, the fact that the Fifth Third's interests won't be addressed by that court indicates that the proceedings aren't parallel.

These cases also address distinctive claims, cutting against a stay or dismissal. The state proceeding addresses the validity of a settlement agreement between Meyer and Matney. Although the settlement agreement at issue in the state court proceeding is related to Fifth Third's transactions with the Double Tree players, it's a very small piece of the pie. Fifth Third seeks judgment not only against Double Tree and its players under various loan agreements, mortgages, and guarantees, but also the other entities that are responsible for paying it the monies owed to it through its various lending agreements. Given that the universe of Fifth Third's claims is much broader than the settlement agreement at issue in state court, it is impossible for that decision to dispose of all the Fifth Third's claims here.

In sum, these proceedings aren't parallel. I therefore need not consider whether exceptional circumstances exist to justify a stay or dismissal. Meyer's Motion to Dismiss or Stay [DE 54] is **DENIED**. As Fifth Third filed an Amended Complaint on February 16, 2012, Meyer's request for time to file a cross-claim or counterclaim is moot, and he may include such claims along with his Answer to the Amended Complaint.

**SO ORDERED.**

ENTERED: February 21, 2012

 s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT

5