UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FIFTH THIRD BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 2:11-cv-0233-PPS-PRC |
| | ) |
| DOUBLE TREE LAKE ESTATES, LLC. | ) |
| DOUBLETREE GOLF, LLC, DBL | ) |
| RESIDENTIAL, L.P., KENNETH | ) |
| MATNEY, ANTHONY MEYER, and | ) |
| RANDALL MINAS | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Double Tree received substantial loans from Fifth Third to finance a real estate development, and when Fifth Third didn't get paid under the various agreements securing the loans, it brought this action against Double Tree, its affiliates, and individuals involved in the transactions. Anthony Meyer was a member of one of Double Tree's entities, so he was included as a defendant. Double Tree filed a Crossclaim against Meyer [DE 83] for which Meyer's now seeks dismissal. [DE 91.] For the following reasons, the motion is denied.

## BACKGROUND

I'll begin with the facts alleged in the Complaint and Crossclaim. Fifth Third's Complaint names several defendants involved in its deal with Double Tree. Double Tree Lake Estates ("Double Tree") is an LLC whose members are MDRM, LLC and KA Enterprises, LLC. Double Tree is itself the sole member of Doubletree Golf and both the sole general and limited partner of DBL Residential. Defendants Meyer and Kenneth Matney are members of KA Enterprises, and Randall Minas is a member of MDRM, LLC. Accordingly, for all intents and purposes Meyer, Matney, and Minas are the actual people

behind the mish-mash of entities that make up Double Tree, Doubletree Golf, LLC ("Doubletree Golf"), and DBL Residential, L.P. ("DBL Residential").

On May 7, 2004, Fifth Third and Double Tree entered into a loan agreement ("Original Loan Agreement"), and Double Tree executed and delivered to Fifth Third a promissory note ("Original Note") in the principal amount of $12,254,000.00. Doubletree Golf and DBL Residential then executed and delivered to Fifth Third a security agreement and an assignment of leases and rents and fixture filing in order to secure repayment of the loans under the Original Loan Agreement and the Original Note. To further secure the loans, Meyer, Matney, and Minas each individually executed and delivered to Fifth Third a guaranty of payment and completion dated May 7, 2004.

The Original Loan Agreement was modified and amended several times. This led Double Tree and Fifth Third to execute an Amended and Restated Loan Agreement on June 27, 2007. Prior to the Amended Loan Agreement, Meyer and Matney terminated their relationship with Double Tree and notified Fifth Third of the cancellation of their respective Guarantees and their renunciation of liability under those guarantees for any loans made subsequent to their date of withdrawal from Double Tree.

Meyer, as a 50% owner/member of KA Enterprises, had the Option to Purchase Double Tree's property described as "approximately three hundred (300) condominium units which may be developed" by Double Tree. [DE 83, at 2-3.] On January 12, 2012, Meyer exercised that option, but then refused to close the transaction. As a result, Double Tree failed to pay Fifth Third the outstanding principal at the maturity date, and so Fifth Third instituted this action.

On February 28, 2012, Double Tree filed a Crossclaim against Meyer, claiming that he breached his obligation to exercise the Option to Purchase. [DE 83.] On February 29, 2012, Magistrate Judge Cherry issued an order appointing a Receiver, Sharp Property Solutions, LLC. [DE 85.] In this order, Magistrate Judge Cherry appointed a receiver over "certain real property and improvements thereon owned by Defendants Double Tree Lakes Estates, LLC, Doubletree Golf, LLC, and DBL Residential L.P." [*Id.*] Among other things, the order gave the Receiver the power to "retain counsel, and if necessary, to institute and prosecute suits for the collection of rents of the Property or evict delinquent tenants." [*Id.* ¶ 2(e).] The order also stated that Double Tree is restrained from interfering with the Receiver's possession and control of the property; removing, destroying, or depleting assets relating to the property; terminating any license, permit, lease, contract, or agreement relating to the property; or receiving proceeds from any sale of the property. [*Id.* ¶ 9.] On May 8, 2012, Judge Cherry issued an Amended Order Appointing Receiver, limiting the powers of the receiver, but retaining the powers mentioned above. [DE 114.] Meyer now seeks dismissal of the Crossclaim brought against him by Double Tree.

**DISCUSSION**

The minimum requirements for pleading a claim for relief are contained in Federal Rule of Civil Procedure 8. That rule requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. But to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). And although at this stage I must accept all allegations as true and draw all reasonable inferences in the

complainant's favor, I don't need to accept threadbare legal conclusions supported by mere conclusory statements. *Iqbal*, 129 S.Ct. at 1949-50. So, under *Iqbal*, I must first identify allegations in the complaint that are not entitled to the assumption of truth by, for example, disregarding legal conclusions. *Id*. at 1951. Then I must look at the remaining allegations to determine whether they plausibly suggest an entitlement to relief. *Id*. Determining whether a complaint states a plausible claim for relief requires me to draw on my judicial experience and common sense. *Id*. at 1950.

Meyer claims that Double Tree did not have the authority to file a Crossclaim because it wasn't authorized by the Receiver, the Minas Bankruptcy Trustee, or Double Tree's Operating Agreement. As to his argument that the Receiver had to approve the action, Meyer is incorrect – albeit only by one day. The Crossclaim was filed on February 28, 2012, and the Order Appointing Receiver was issued the next day, February 29, 2012. The order states that the "Receiver shall assume its duties upon satisfying the requirement that the Receiver must be sworn to perform its duties." [DE 85, at 10.] As Double Tree filed its Crossclaim before the Receiver was appointed, the Receiver didn't have to approve the lawsuit at that time.

But from a practical point of view, Meyer has a point. For better or worse, the Receiver is now in control of Double Tree. The Order Appointing Receiver bars Double Tree from taking action that would interfere with the Receiver's possession and control of the property. If the Crossclaim proceeds, Double Tree will be doing just that because the Crossclaim arose from an Option to Purchase Double Tree property. And so the real question is whether Double Tree may continue to litigate its pending actions.

4

Federal Rule of Civil Procedure 66 provides that federal law applies to the appointment of a receiver in a federal court action, but the court may look to underlying state law for guidance in shaping relief. *Houseware Sales Corp. v. Quaker Stretcher Co.*, 70 F. Supp. 747, 750 (E.D. Wis. 1947). Under Indiana law, once a receiver is appointed, the receiver succeeds to all the rights and property of a corporation, and has the sole right to sue and prosecute pending actions. *Kokomo City St. Ry. Co. v. Pittsburg C., C. & St. L. Ry. Co.*, 58 N.E. 211, 212 (1900); *Northwestern Mut. Life Ins. Co. v. Kidder*, 70 N.E. 489, 492 (Ind. 1904) (after appointment of receiver, actions against corporation can only be brought by the receiver). In other words, after it was appointed in this case, the Receiver stepped into the shoes of Double Tree's claims related to its property. 28 U.S.C. § 959(b) (providing that a receiver shall manage and operate the property according in the same manner that the owner would). Therefore, the Crossclaim is now the Receiver's action against Meyer, and the Receiver, not Double Tree, has the authority to prosecute it as it sees fit.

To give the Court some insight as to where the Receiver is coming from – in other words, does he have any intention of prosecuting the cross-claim? – I am ordering the Receiver to file a status report with the court within 30 days of this Order, notify the Court and the parties of its intention in this regard. I note that the Receiver's First Report, filed April 16, 2012, was entirely unclear on this issue. [*See* DE 107 at 2-3.]

Meyer has made a couple of other arguments urging dismissal but none of them are convincing. Meyer claims that the Crossclaim should be dismissed because it was actually filed by Minas, who is in bankruptcy. According to Meyer, because his property includes MDRM, LLC and the bankruptcy trustee didn't approve this action, it should be dismissed. However, Minas filed for bankruptcy as an individual [DE 65], and Minas filed the

Crossclaim as the manager of MDRM, LLC, a member of Double Tree. Property that Minas may assert power over on behalf of Double Tree is not part of his bankruptcy estate. 11 U.S.C. § 504(b)(1) ("Property of the estate does not include . . . any power that the debtor may exercise solely for the benefit of an entity other than the debtor."). Consequently, Minas' individual bankruptcy doesn't preclude him from bringing this claim on behalf of Double Tree.

Meyer's other argument is that this lawsuit wasn't authorized under Double Tree's Operating Agreement. Double Tree attached its Operating Agreement and its two amendments to the Crossclaim, and it requires decisions to be approved by a majority of its two members, MDRM, LLC and KA Enterprises, LLC. [DE 83-1.] Accordingly, Meyer argues that because KA Enterprises didn't approve the Crossclaim, Double Tree couldn't bring it. In response, Double Tree references the Third Amendment to the Operating Agreement, also attached to the Crossclaim. In that iteration of the operating agreement, MDRM, LLC has a 52% interest, and KA Enterprises, LLC has the other 48% interest. [DE 83-1 ¶ 9.] Double Tree's position is that MDRM, LLC has the majority interest and Minas, as its manager, had the authority to bring the lawsuit without seeking approval from KA Enterprises.

This issue isn't a question of whether the Crossclaim states a claim – it's a question as to whether Meyer has a defense to the claim. It's unclear whether the operating agreement permitted this lawsuit, but even if it were, I can't make that conclusion without permitting discovery. Dismissal on this ground is therefore denied. *See Pickrel v. City of Springfield, Ill.*, 45 F.3d 1115, 1118 (7th Cir. 1995) (stating that the issue at the motion to dismiss state

"is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims").

For the foregoing reasons, Meyer's Motion to Dismiss the Crossclaim [DE 91] is **DENIED.** The Receiver, on Double Tree's behalf, is **ORDERED** to file a status report within 30 days of the date of this Order advising the Court and the parties of its intention to prosecute this cross-claim.

**SO ORDERED.**

ENTERED: May 23, 2012

                                                    s/ Philip P. Simon
                                                    PHILIP P. SIMON, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT