# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| FIFTH THIRD BANK, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:11-CV-233-PPS-PRC |
| ) | |
| DOUBLE TREE LAKE ESTATES, LLC, ) | |
| DOUBLETREE GOLF, LLC, DBL ) | |
| RESIDENTIAL, L.P., KENNETH ) | |
| MATNEY, ANTHONY MEYER, and ) | |
| RANDALL MINAS, ) | |
|     Defendants. ) | |
| ──────────────────────── ) | |
| ) | |
| KENNETH MATNEY, ) | |
|     Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FIFTH THIRD BANK, ) | |
|     Counter-Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Kenneth Matney's Request for Order Directing Compliance with All Outstanding Discovery Requests and Written Clarification as to the Discovery Position Taken by Fifth Third Bank on Electronic Discovery [DE 152], filed by Kenneth Matney on February 8, 2013. Fifth Third Bank ("Fifth Third") filed a response on February 22, 2013. Matney has not filed a reply, and the time to do so has passed.

In the motion, Matney sets forth the history of a discovery dispute regarding electronic discovery sought from Fifth Third. The correspondence demonstrates that Fifth Third described the cost and burden of the electronic discovery and has invited Matney to discuss the parameters for the electronic discovery he seeks. It appears that, as of the date of Fifth Third's response brief, Matney has not done so. Federal Rule of Civil Procedure 26(b)(2)(B) provides that a party "need not

provide discovery of electronically discovered information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). The Bank has communicated to Matney the extensive burden and cost of the requested electronic discovery absent defined parameters.

Federal Rule of Civil Procedure 37(a)(1) provides: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Moreover, Northern District of Indiana local Rule 37-1 provides:

> (a) Certification Required. A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action. The certification must include:
> (1) the date, time, and place of any conference or attempted conference; and
> (2) the names of the parties participating in the conference.
> (b) Failure to File Certification. The court may deny any motion described in subdivision (a)—except those motions brought by or against a person appearing pro se—if the required certification is not filed.

N.D. Ind. L. R. 37-1.

Fifth Third opposes the instant motion on the basis that Matney has not first attempted to resolve this discovery dispute informally, as required by the rules, and has not filed the requisite certification. Indeed, Matney has not complied with the rules nor has he filed a reply brief to respond to this argument. The rules are designed so that parties first work through discovery disputes without court intervention, which is especially necessary in a case like this in which the parties must define the scope and method for obtaining the electronic discovery sought. Notably, Matney attempted to raise this discovery dispute in his reply in support of his previously-filed

2

Motion to Amend Counterclaim; in its Order, the Court denied the request as improperly raised in the reply brief and listed the steps necessary to properly address the dispute. Finally, Northern District of Indiana Local Rule 7-1 requires that a motion to compel pursuant to Rule 37 must be made by a separate motion accompanied by a supporting brief. N.D. Ind. L. R. 7-1(b)(2). Matney has not complied with this rule either. The Court denies the Motion to Compel for failure to comply with Federal Rule of Civil Procedure 37, Northern District of Indiana Local Rule 37-1, and Northern District of Indiana Local Rule 7-1(b)(2).

Fifth Third also seeks expenses incurred in responding to the instant Motion to Compel under Rule 37, which provides:

> If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). Having considered all the circumstances of the discovery dispute as set forth in the parties' correspondence, the Court, in its discretion, finds that an award of expenses would be unjust in this instance. The Court denies Fifth Third's request for expenses.

Accordingly, the Court hereby **DENIES** Kenneth Matney's Request for Order Directing Compliance with All Outstanding Discovery Requests and Written Clarification as to the Discovery Position Taken by Fifth Third Bank on Electronic Discovery [DE 152].

So ORDERED this 5th day of April, 2013.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record