UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FIFTH THIRD BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO: 2:11-cv-0233-PPS-PRC |
| | ) |
| DOUBLE TREE LAKE ESTATES, LLC, | ) |
| *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Defendant Kenneth Matney is seeking Rule 11 sanctions against Fifth Third Bank and its attorneys claiming that Fifth Third's case is groundless and is only being pursued in order to harass him [DE 220]. He claims that he has the documents to prove this, and argues that Fifth Third deliberately omitted reference to these documents in order to mislead the court. Matney made a version of this argument in his motion for summary judgment [DE 185]. He has since reprised it in his motion for reconsideration [DE 250]. As I have stated in a previous order, I do not think Fifth Third's lawsuit is groundless [DE 242]. While Matney's ultimate liability remains an open question, Fifth Third has made a plausible claim against him and has not misled the Court. Therefore, Matney's motion for sanctions [DE 220] is **DENIED**.

Anyone looking for an exhaustive account of this case is referred to my July 23, 2014 Order on the parties' cross-motions for summary judgment [DE 242]. Here's the quick version. In 2004, Matney and some partners bought a real estate development in Northwest Indiana called Double Tree Lake Estates. The partners, through Double Tree,

regularly borrowed money from Fifth Third Bank to finance the development. Each time Double Tree borrowed money, the partners — including Matney — had to personally guaranty repayment of the loans. Eventually, Double Tree went bust and defaulted on the loans. Fifth Third initiated this lawsuit in order to collect on the guaranties.

Simple enough, or at least it would have been had Fifth Third sued on the right guaranty. In its amended complaint, Fifth Third alleged that Matney's liability was based on the 2004 guaranty he had signed when buying Double Tree [DE 78]. But that guaranty is no longer in force, as it was superseded and replaced by a guaranty Matney signed in 2006.

Somewhere along the line Fifth Third realized its mistake. But it chose to move for summary judgment on the 2006 guaranty instead of amending the complaint to correct the claim [DE 183]. At a hearing, Fifth Third's attorney explained that the bank felt it had given Matney adequate notice of the claim on the 2006 guaranty as the complaint let Matney know he was liable for *a* guaranty, even if it wasn't the right one.

I disagreed and granted Matney's motion for summary judgment because Fifth Third had not given Matney adequate notice of the claim [DE 242]. But I recognized that Fifth Third's notice argument was reasonable, and its claim on the guaranty plausible, so I gave Fifth Third leave to amend its complaint.

This motion for sanctions predates my ruling on the cross-motions for summary judgment as Matney filed the motion while the parties were still briefing the summary judgment motions. The motion has now been fully briefed and is ripe for disposition.

Rule 11 of the Federal Rules of Civil Procedure authorizes sanctions against a party or attorney who files frivolous pleadings, files pleadings for an improper purpose such as to harass, or makes allegations that they know have no basis in law or fact. A court may impose sanctions for a violation of Rule 11 either upon a party's motion or on its own initiative. Fed.R.Civ.P. 11(c). The purpose of Rule 11 is to deter baseless filings in the district court. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). In determining whether Rule 11 sanctions are warranted, the Court must "undertake an objective inquiry into whether the party or his counsel should have known that his position was groundless." *Cuna Mut. Ins. Soc. v. Office and Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006)(quoting *CNPA v. Chicago Web Printing Pressmen's Union No. 7*, 821 F.2d 390, 397 (7th Cir. 1987)).

The crux of Matney's case for sanctions is the same as the crux of his case against summary judgment. Matney argues that Fifth Third's claim is groundless because the 2006 guaranty, which forms the basis for the claim, was itself superseded and replaced by another guaranty. In 2007, Matney's erstwhile partner Randy Minas signed a new guaranty in the course of borrowing money on behalf of Double Tree. Matney claims this guaranty superseded and replaced his own 2006 guaranty, so that it's Minas who is on the hook for Double Tree's debts, not Matney. Fifth Third disagrees. It argues that

3

since Matney wasn't a party to the 2007 guaranty, that agreement did not have any effect on Matney's liability. The 2007 guaranty may have superseded and replaced *Minas's* 2006 guaranty, but it is irrelevant to *Matney's* 2006 guaranty, which is why Fifth Third did not bring the document to the Court's attention.

Matney might ultimately be correct about the 2007 guaranty, but that is a matter that will be decided later. What can be said at this point is that Fifth Third's claim is far from frivolous or groundless. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (describing a frivolous claim as one "that no reasonable person could suppose to have merit."). Fifth Third has made a reasonable case that the 2006 guaranty, which Matney admits to signing, is still in force. Matney disagrees, but Matney's disagreement is not a reason to impose sanctions. Matney will have ample opportunity to make his case when he responds to Fifth Third's pending motion for summary judgment. Accordingly, Matney's motion [DE 220] is **DENIED**.

**SO ORDERED**

**ENTERED**: September 16, 2014

s/ Philip P. Simon  
Philip P. Simon, Chief Judge  
United States District Court