UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FIFTH THIRD BANK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO: 2:11-cv-0233-PPS-PRC ) |
| DOUBLE TREE LAKE ESTATES, LLC, *et al.*, | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Back in July, I ruled on cross-motions for summary judgment filed by plaintiff Fifth Third Bank and defendant Kenneth Matney [DE 242]. I held that Fifth Third was not entitled to summary judgment on its claims against Matney, but was entitled to summary judgment on Matney's counterclaims against it. I also held that Matney was entitled to summary judgment against Fifth Third, but, I gave Fifth Third leave to file an amended complaint to correct the pleading defect that led to summary judgment. Matney now argues that I should reconsider certain aspects of my order [DE 250].

Under Rule 59(e), a district court may entertain "[a] motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). Motions for reconsideration pursuant to Rule 59(e) are utilized for a very limited purpose: to correct manifest errors of law or fact, to present newly discovered evidence, or where there has been an intervening and substantial change in the controlling law since the submission of the issues to the district court. *Divane v. Krull Elec. Co., Inc.*, 194 F.3d 845, 848 (7th Cir. 1999). Thus, motions to reconsider sounding under Rule 59(e) should only be granted in rare circumstances.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A party moving for reconsideration pursuant to Rule 59(e) bears a heavy burden of establishing that the court should reverse its prior judgment. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). A motion for reconsideration is not an appropriate vehicle for relitigating arguments that the district court previously rejected, or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration. *Id.*; *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007).

Matney doesn't present any new evidence or changes in the controlling law, which means he is going the manifest error of law route. This is a heavy lift. A manifest error of law under Rule 59(e) is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). It is a high standard, and simple disappointment on the part of the losing party is not enough. *Id.*

Matney claims I erred in giving Fifth Third leave to amend its complaint. In support, Matney trots out the same argument he made in his summary judgment brief– an amendment would be futile and unsupported. He does so explicitly: "Matney *reiterates his arguments* that an overwhelming number of factors support the denial of leave to amend" [DE 250 at 4] (emphasis added). Use of the word "reiterates" is a tip off that all he is doing is attempting to relitigate an argument that I already rejected, and so this effort fails.

2

The same goes for Matney's counterclaims. Matney argues that he created genuine issues of fact with respect to his counterclaims for constructive fraud, aiding and abetting breach of fiduciary duty, and tortious interference so I should not have granted Fifth Third's motion for summary judgment. Matney filed an exhaustive, forty-seven-page brief opposing summary judgment and, with one exception, the brief contained each of the arguments Matney now makes in his motion for reconsideration.

In his brief, Matney supported the constructive fraud claim by arguing that it was not foreclosed by two recent Indiana Appellate Court decisions and that the bank had entered a fiduciary relationship with him [DE 192 at 15-19]. I held that Matney could not show a fiduciary relationship and that the claim was foreclosed by the two Indiana state court decisions [DE 242 at 23-24]. Now, in his motion for reconsideration, Matney once again tries to distinguish the Indiana state court decisions and again argues that the bank was a fiduciary [DE 250 at 18-20].

It's the same story for the aiding and abetting breach of fiduciary duty claim. Matney argued that he could show the bank had a fiduciary relationship with Double Tree Lake Estates [DE 192 at 21]. I held that he hadn't come forward with facts showing the relationship existed [DE 242 at 24-26]. Now he claims, for the same reasons he put forward the first time, that he really has shown a fiduciary relationship. Once again Matney is simply repeating old arguments, which is not appropriate for a motion for reconsideration. *Caisse Nationale*, 90 F.3d at 1270.

Matney does make something of a novel argument in support of his tortious intereference claim. I held Matney's claim failed because Matney wasn't a party to the Double Tree Lake Estates Operating Agreement - the contract that Fifth Third allegedly interfered with. As I discussed in the August order, the parties to the Operating Agreement were KA Enterprises, LLC and MDRM, LLC [DE 242 at 21]. Matney was a member of KA Enterprises, but was not, personally, a party to the Operating Agreement. Matney once again claims he was a party to the agreement, but this time he points to a new provision in the Operating Agreement to support his case. The provision, found in an amendment to the agreement, states in part "the parties to the Operating Agreement acknowledge that there was a contribution of capital . . . recognized by a personal note from Ken Matney. The obligation is to be repaid within one year of the closing on the purchase of the real estate by the Company . . . ."[DE 187-6 at 8]. Matney says this provision made him a party to the agreement. I don't see it. I read this provision as providing that the parties to the agreement - KA and MDRM - acknowledge Matney's contribution and pledge the Company to repay him. I don't see how it alters the identity of the parties at all. Since Matney was not a party to the Operating Agreement, he cannot bring a claim against Fifth Third for tortiously interfering with the agreement. *Deckard v. Gen. Motors Corp.*, 307 F.3d 556, 561 (7th Cir. 2002) (only parties to a contract have rights under the contract).

Finally, Matney asks that I clarify my order regarding the existence of a certain document. Fifth Third alleges Matney sent the bank a letter in 2007 revoking his prior

guaranties. Matney claims that this letter doesn't exist and wants me to amend my order to say so. I do not see a reason why I should do this. I didn't address this issue in the order on summary judgment because it wasn't necessary to do so. I denied Fifth Third's motion for summary judgment because it alleged Matney was liable under a 2004 guaranty when that guaranty had been superseded and replaced by a 2006 guaranty. Since the 2007 letter wasn't germane, I didn't consider it one way or the other. That's not to say that the letter will never be germane. I expect it will figure prominently in the next round of briefing on summary judgment as, at the very least, it is relevant for calculating damages. So I am going to hold off ruling on the issue until it is properly before the Court. Relatedly, I am not going to reconsider my decision to not strike Fifth Third's affidavit referring to the letter. It would be pointless to strike an affidavit submitted to support a motion that has already been denied.

Accordingly, Matney's Motion for Reconsideration [DE 250] is **DENIED**.

**SO ORDERED**

**ENTERED**: October 22, 2014

s/ Philip P. Simon  
Philip P. Simon, Chief Judge  
United States District Court